# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 24, 1925.

JOSEPH SCHICK
VS.
S. LAWRENCE HAMMERMAN.

*Joseph France* and *Jesse Fine* for plaintiff.

*Curran & Leach* for defendant.

STANTON, J.—

The bill of complaint in this case prays for the dissolution of a partnership and an accounting between the parties to the suit and the appointment of a receiver and that an injunction issue.

Briefly stated, the matter set out in the bill shows that Joseph Schick, S. Lawrence Hammerman and Armond A. Fox entered into a partnership for the purchase, development and sale of land. Their first venture was at or near the City of Philadelphia.

Covering this transaction there is a written agreement, which is filed as an exhibit with the bill, Sometime later Fox was bought out and the only parties in interest are Schick and Hammerman.

The first transaction was carried on as a partnership and is said to have been very successful. The success of this transaction induced the parties to go into other ventures in localities in different parts of the country. Their principal business office or headquarters is alleged always to have been in Baltimore City. In all of their ventures, except the first one, the business has been conducted in the form of a corporation. There are some ten or a dozen ventures which were held in a corporate capacity.

The bill alleges that recently irreconcilable differences have arisen between the partners and these differences have occasioned the litigation that is now before the Court.

The only paragraph of the bill that has to do with the nature of these differences is number seventeen. There is nothing in the bill to show the capitalization of the various corporations or the amount involved in the partnership, but because of the character of the business and the number of transactions the amount involved must be very substantial.

The bill has been demurred to on the ground that the allegations as to the irreconcilable differences between the partners are not definite and specific. On reading paragraph seventeen of the bill there does not seem to be any allegation that shows irreconcilable differences, or the nature or character of those differences, except that the defendant notified the complainant that unless the complainant would discharge the counsel then representing him, and secure the services of other counsel then "all bets were off," and as a result of that action on the part of the defendant all the negotiations between the complainant and the defendant for an amicable division and separation between the said parties have ceased.

With the substantial amount that must be at stake it would seem to me inconceivable that such a request or demand, and refusal, could be the only matter of difference between these parties and if it is the only cause of difference, that it would justify anyone connected with the case to occasion the financial expense which is bound to result from this litigation.

For the hand of the Court to be put out to take possession of and control or direct a settlement of this extended operation reaching, as it does, to the suburbs of a number of large cities in the country, will of necessity not only entail a very large expense, but may be a very disasterous thing to the in-

terests of these two people; and, as I say, reading this paragraph seventeen, it seems to me to be inconceivable that that could be the point on which they are irreconcilably divided. If it is not that then there is nothing else in that paragraph that shows any specific or definite clearness what these irreconcilable differences are. The allegations in this respect are about the same as are contained in the bill of complaint in the Fooks case.

The case of Fooks vs. Williams, in 120th Maryland, 441, seems to me to warrant the position of the defendant in his criticism of that phase of the bill. Now, the case is involved also with this situation: The remaining transactions, ten or a dozen of them in number, instead of being conducted under a partnership were put into the form of a corporation, and the bill prays the Court in effect to take control of those corporations, and administer them by its receiver, and cause a dissolution of the partnership on the theory that whereas these various ventures in other portions of the country are in form of corporations, in fact and substance, the two men who are the partners in the operation outside of Philadelphia own or control those corporations, and therefore the corporations are merely a matter of convenience, and that the Court in looking back of the form to the substance will regard them as part of and assets of the partnership.

A careful reading of the bill shows that in some paragraphs there are allegations which show that the two men, Schick and Hammerman, own or control all of the stock in certain of these corporations; in others that they own or control a majority of the stock. Certainly the holdings of these parties, (if it is such a close corporation as is indicated in the argument, and as the plaintiff would have the Court read into bill) ; are known to the plaintiff, and for that reason should be set out, not only because the Court then would be in a position to know whether or not the majority interest is so great as to make the minority interest negligible ; but the Court would be informed in that event as to what is the minority and in what manner it is owned and controlled in those cases where the allegations show that all of the stock is owned or controlled by the

partners as well as in those cases where the allegation is that they control and own a *majority* of the stock. The bill of complaint would then put the Court in a position to see whether or not these corporations are in that class whereas Courts of Equity will look back of the form to the substance; otherwise the bill of complaint in its present form lends force to the position of the defendant that in the absence of allegations to show that these two men do actually own all of this stock, or that the minority interests may be but one share of stock in the name of the wife of each of them, or some other party whom they control, and therefore substantially the capital stock is entirely owned by the two parties——. Unless that is done, as I have said, it would lend force to the position of the defendant that this bill of complaint is defective unless all of these corporations are brought in because there may be substantial minority interests that would be. involved, and must have their day in Court.

The case of Matthews vs. Headly Chocolate Company (130 Md.) had in it facts about the holding of stock which were of very vital consideration in the disposition of · that case. And the Court of Appeals said, on page 529, that "the bill is peculiar in several respects, but particularly in the fact that it is not shown how many shares of stock were owned by the defendants, or how many by minority stockholders, or indeed how many Matthews sold, except that it was a controlling interest."

It seems to me that is a very apt criticism of the bill in this case and I think the point made by the defendant is well taken.

The demurrer to the bill will be sustained, first, because the allegations in paragraph seventeen are not specific and definite in detailing just what are the irreconcilable differences, of what they consist, as well as the terms of the dissolution which should be set out with more definiteness, so that the Court may say from the allegations whether the differences are irreconcilable.

Fooks vs. Williams, 120 Md. 441.

And second, the allegations as to the ownership of the stock in the various corporations must be more definitely

set out to enable the Court to say whether the corporations fall within the class where the Court of Equity will look behind the form to the substance.

Matthews vs. Headly Chocolate Company, 130 Md. 529.

An order will be signed accordingly. Fifteen days to amend.